### ROSE DAVID *vs.* MAX DAVID.

#### NOVEMBER 10, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Divorce. Decision. Recalling Decision. Notice.*

In a petition for divorce decision was filed granting the prayer of petitioner and copy delivered to respondent's attorney of record. No exception was filed. Several weeks before decision was filed respondent had changed attorneys but they had not entered appearance and the old attorney had not withdrawn.

Thereafter upon oral request of respondent's new attorney and without notice to petitioner, the court recalled the decision and without notice to parties another decision, similar to the former decision was filed and from this decision respondent prosecuted exceptions.

*Held,* that the clerk complied with the statute and rules in delivering copy of original decision to respondent's attorney of record.

*Held,* further that, the court was without authority to recall the original decision, since Gen. Laws, 1923, par. 5063, did not apply to such a case, but even if the section had applied the decision could not have been recalled without notice to parties.

DIVORCE. Heard on motion of petitioner to dismiss respondent's bill of exceptions and granted.

SWEENEY, J. This petition for divorce has been brought to this court by the respondent's bill of exceptions.

The cause was tried in Newport by a justice of the Superior Court and, several months afterwards, decision was filed January 21, 1925, granting the prayer of the petitioner. The next day the respondent's attorney of record received a copy of the decision from the clerk of the court. No exception was filed in behalf of the respondent within seven days after his attorney of record received

notice of the decision. It now appears that several weeks before the decision was filed the respondent had changed attorneys, but up to the time the decision was filed the new attorneys had not filed an entry of appearance with the clerk of the court, nor had the former attorney filed a withdrawal of his appearance. The clerk complied with the statute and rules when he delivered the copy of the decision to the attorney of record of the respondent. *Stanton v. Hawkins, Admr.*, 41 R. I. 501.

February 2, 1925, upon oral request of the new attorneys for the respondent, and without notice to petitioner or her attorneys, the trial justice ordered said decision filed January 21 vacated and recalled. March 30, 1925, without notice to the parties, another decision of the trial justice, exactly like the former one, was filed. From this latter decision the respondent has prosecuted his bill of exceptions to this court.

The petitioner has moved to dismiss the bill of exceptions claiming that the trial justice had no authority to vacate and recall his decision filed January 21, and that his subsequent decision filed March 30, and the bill of exceptions based thereon, are of no effect.

The respondent contends that the action of the trial justice was authorized by § (5063), Gen. Laws, 1923, which provides: "In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order".

We are of the opinion that this section does not apply to the facts appearing in the record. Divorce proceedings are purely statutory, and follow the course of equity so far as the same is applicable; but in *Thrift* v. *Thrift*, 30 R. I. 357,

363, the court said: "For the purposes of saving exceptions in and bringing a bill of exceptions from the Superior Court to the Supreme Court, a divorce case is to be deemed a legal (2) rather than an equitable proceeding". This is not a defaulted case and no judgment by default or mistake or decree has been entered. It is not claimed that the decision of the trial justice was entered by mistake January 21, 1925. The mistake appears to have been subsequent to the filing of the decision in not claiming exceptions, within the time limited by statute.

The statute in regard to bills of exceptions is jurisdictional. *Stanton* v. *Hawkins, Adm.,* 41 R. I. 501; *Batchelor* v. *Batchelor,* 39 R. I. 110; and if exception is not filed within the time limited the bill of exceptions will be dismissed. *Thrift* v. *Thrift,* 30 R. I. 456; *Mahoney* v. *Mahoney,* 30 R. I. 458. In *The Ashaway National Bank* v. *Superior Court,* 28 R. I. 355, the court held that this section was not applicable to a case in which a justice of the Superior Court attempted to vacate his decision in a probate appeal. This case was followed in *Whitford, Bartlett & Co.* v. *Townsend, Adm.,* 32 R. I. 392. In *Whitaker* v. *Bliss,* 23 R. I. 313, it was held that a district court had no jurisdiction to vacate its decision entered in an answered trespass and ejectment case and continue the case one week for the purpose of giving the defendant further time within which to file a bond.

Even if the section above quoted did apply to the facts in this cause, the court was without jurisdiction to recall and vacate its decision without notice to the parties, as expressly required by said section. Such notice was not given in this cause. In *Chapdelaine* v. *Handy et als.,* 18 R. I. 706, it was held that a district court had no jurisdiction to set aside a judgment by default and reinstate the case for trial without notice to the parties. See also *Whitaker* v. *Bliss,* 23 R. I. 313. The relief for the respondent, if any, for failure to file or prosecute a bill of exceptions to the decision filed January 21, 1925, is by petition under § (5108), Gen. Laws, 1923.

As the trial justice was without jurisdiction to recall and vacate his decision filed January 21, 1925, it follows that his subsequent decision was of no effect, and that the bill of exceptions based thereon must be dismissed.

The motion of the petitioner to dismiss the bill of exceptions is granted and the cause is remitted to the Superior Court in the county of Newport for further proceedings.

*Sheffield & Harvey,* for petitioner.

*Quinn, Kernan & Quinn,* for respondent.